UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MUHARREM BALKANLI,

                Plaintiff,         **MEMORANDUM & ORDER**
        v.                             18-CV-2919 (MKB)

PUBLIC STORAGE,
                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Muharrem Balkanli, proceeding *pro se*, commenced the above-captioned action on May 14, 2018, against Defendant Public Storage, alleging negligence and seeking damages for the theft of his personal property from the storage unit he rented from Defendant. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

      The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order. According to the Complaint and the March 26, 2014 police report attached to the Complaint, Plaintiff, a resident of Queens, rented storage unit number 1029 at Defendant's storage facility located in Woodside, Queens, where he stored Persian rugs he claims are valued at $500,000. (Compl. 4, 6, Docket Entry No. 1.)[1] Plaintiff alleges that Defendant's negligent failure to secure the entrance of the facility or the storage unit, and to

---

[1] Because the pages of the Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

maintain video surveillance, led to the theft of his rugs. (*Id.* at 2, 4.) The police report, which indicates that the rugs are valued at $260,000, states that they were never recovered. (*Id.* at 7.) Plaintiff seeks damages of $750,000, which is the alleged current retail value of the stolen rugs. (*Id.* at 4.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp.*

*v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

b. **Subject matter jurisdiction**

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where there is complete diversity of citizenship between plaintiffs and defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

"[A] party's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (citations omitted). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*, No. 16-CV-1395, 2017 WL 1157153, at *4 (S.D.N.Y. Mar. 25, 2017) (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)); *see also Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship." (citations omitted)). Moreover, "one may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir.) (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)), *cert. denied*, 138 S. Ct. 282 (2017).

"One acquires a 'domicile of origin' at birth, which continues until a change in domicile occurs." *Linardos*, 157 F.3d at 948 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A person changes their domicile only when they take up residence in a new domicile and intend to stay. *Davis*, 691 F. App'x at 673. To determine whether an individual intends to stay in a particular state and thereby effects a change in domicile, courts must look to the "totality of the evidence," considering, among other factors:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; payment of taxes; whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*New Canaan Capital Mgmt., LLC*, 2017 WL 1157153, at *4 (quoting *Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d at 81).

The party seeking to invoke the court's subject matter jurisdiction under 28 U.S.C. § 1332, has the burden of proving that complete diversity of citizenship exists between the parties. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001). The diversity of the parties is determined as of the date of the filing of the lawsuit. *LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001).

### i. The Court lacks federal question jurisdiction over Plaintiff's claim

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007), the Court lacks federal question jurisdiction. Plaintiff's due process claim is "patently without merit" because Plaintiff does not allege that Defendant's conduct constituted state action. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) ("In order for [the plaintiff's due process claims] to be colorable, [the plaintiff] must show that [the defendant's] conduct constituted state action; otherwise, there is no constitutional violation.").

In addition, Plaintiff's claims of negligence and breach of contract do not give rise to federal question jurisdiction. Plaintiff states that this is a negligence action and utilizes a "Complaint for a Civil Case Alleging Negligence" (Compl. 1, 4), and uses the term "breach of contract" in the Complaint, (*id.* at 2). Both negligence and breach of contract arise under state, not federal, law. *Atkins-Payne v. Dime Sav. Bank*, No. 14-CV-4066, 2015 WL 4882495, at *4 (E.D.N.Y. Aug. 14, 2015) (finding that negligence and contract claims "arise under state law and not federal law" (internal citations omitted)).

### ii. The Court lacks diversity jurisdiction over Plaintiff's claim

Moreover, as alleged, the Court lacks diversity jurisdiction over Plaintiff's claims against

Public Storage. Although Plaintiff states that he is bringing this negligence action under the court's diversity jurisdiction, (Compl. 1), the parties are not completely diverse. The Complaint states that both Plaintiff and Defendant are domiciled in New York,[2] (*id.* at 1–2), therefore the Court lacks diversity jurisdiction, *see* 28 U.S.C. § 1332; *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *Lovejoy*, 475 F. App'x at 792 ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."); *see also Bayerische Landesbank*, 692 F.3d at 48 (holding that companies are residents of their states of incorporation and principal places of business).

The Court therefore dismisses the Complaint for lack of subject matter jurisdiction. However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint to allege facts, if possible, to support subject matter jurisdiction.

### III. Conclusion

For the reasons discussed above, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to amend the Complaint. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days.

---

[2] The Court notes that the police report attached to the Complaint states that Plaintiff's "permanent address" is in Florida and his "temporary address" is in Queens, New York. (Compl. 7.) However, Plaintiff alleges in the Complaint that he is a citizen of New York, residing in Sunnyside, New York. (Compl. 1, 3.) An individual's residence at the commencement of the lawsuit is *prima facie* evidence of his domicile. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Galu v. Attias*, 923 F. Supp. 590, 595 (S.D.N.Y. 1996).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 18, 2018
       Brooklyn, New York